## ELSON v. TOWN OF WATERFORD.

(Circuit Court, D. Connecticut. February 16, 1905.)

### No. 559.

FEDERAL COURTS—SERVICE OF PROCESS IN ACTIONS AT LAW—CONFORMITY STATUTE.

The federal conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), which provides that the practice and procedure in civil causes at law in the federal courts shall conform, "as near as may be," to the state practice, does not require the federal court in the District of Connecticut, in an action against a town, to deviate from its long-established practice, under which service is made by the marshal by having copies of the process made and attested by the clerk, and to follow Gen. St. Conn. 1902, § 571, which provides that in actions against towns a true and attested copy of the process, including the declaration or complaint, shall be served on the clerk or a selectman of the defendant, and which, under the decisions of the state courts, requires the copies to be attested by the officer making the service.

At Law. On demurrer to replication to plea in abatement.

Shutz & Edwards, for plaintiff.

Donald G. Perkins and C. A. Gallup, for defendant.

PLATT, District Judge. Strictly speaking, the replication is bad, but it was agreed at the hearing that the essential question involved at this stage of the controversy shall be settled, and it will be assumed that the plea in abatement has been attacked by a demurrer. It has been for many years a settled practice in the federal court for this district, after writ and process has issued in obedience to section 911, Rev. St. [U. S. Comp. St. 1901, p. 683], for the clerk to prepare the requisite number of copies thereof, attesting the same as true copies of the original writ and process, and to deliver them to the marshal or his deputy for service. The officer, having made service of such true and attested copies, makes indorsement to that effect upon the original. This course was followed in the case at bar.

Section 914, Rev. St. [U. S. Comp. St. 1901, p. 684], provides that:

"The practice, pleadings, and forms and modes of proceeding in civil causes * * * shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state * * * any rule of court to the contrary notwithstanding."

The service of mesne process is a matter upon which the Congress has not laid down any rule, and it is therefore our duty to obey the law as found in the above section. Our mode of proceeding, however, must only conform "as near as may be" to the state law and practice; and the authorities seem to have clearly established the principle that such slight modifications of the state practice as will serve to develop in a wholesome manner the peculiar practice inherent in the federal court, leaving to all suitors herein a "square deal," must be upheld.

The defendant in this cause appears specially, and invokes the

aid of section 571, Gen. St. Conn. 1902; the relevant portion of that section being that process against a town shall be served upon the defendant by leaving a true and attested copy of the process, including the declaration or complaint, with the clerk or one of the selectmen.    He insists that the highest court of the state, in McGuire v. Church, 49 Conn. 249, has construed the law to mean that the copy must be attested by the officer, and that he cannot delegate his authority.    That case had to do with the attachment of property, and the court, by a majority opinion, decided that the attachment lien was a nullity, by reason of the failure of the officer to personally attest the copy of the process and declaration, and of his return thereon.    It is very far from an authoritative construction of a law like that found in section 571 of the present revision, with the point in mind which now arises.    We can concede, however, that the highest court would so construe the section if confronted with the issue.    The Connecticut practice in the matter of mesne process is a peculiar one.    Much can be done by those demanding redress before the process has come near the forum where the redress will be demanded.    Such opportunity to harass defendants who may be found at last to have been worthy of kinder treatment makes it incumbent upon the state courts to curtail that power in every legitimate way.    Process in the federal court does not lend itself with equal facility to such attempts, but I understand, nevertheless, that our practice in attachment proceedings carefully follows the local law.    In a matter like the one in hand, which serves merely as a notice to appear at a stated time and make answer to a complaint, the contents of which are spread before the defendant with entire accuracy, it is impossible to accept the contention that the court has lost its power because its officers have set its process in action in a way which it has long accepted as the better way, in the light of its peculiar machinery.

The plea in abatement is overruled, without costs.